THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALFONSO V. SENIOR, JR., | CASE NO. C15-0952-JCC-BAT |
| Petitioner, | ORDER ADOPTING REPORT & RECOMMENDATION |
| v. | |
| MARGARET GILBERT, | |
| Respondent. | |

This matter comes before the Court on Petitioner Alfonso Senior, Jr.'s objections (Dkt. No. 28) to the Report and Recommendation by the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 27). Having thoroughly considered the objections and the relevant record, the Court hereby OVERRULES Senior's objections and ADOPTS the Report and Recommendation for the reasons explained herein.

## I.    BACKGROUND

Petitioner Alfonso Senior, Jr. seeks federal habeas review of his Washington state convictions for second-degree murder and second-degree unlawful possession of a firearm. (*See* Dkt. No. 18-1.) Senior's convictions stemmed from a shooting during an altercation in a parking lot, at which Senior's cousin, Robert Swaggerty, was also present. Relevant to this order, the trial court permitted a witness, Franisa Johnson, to testify about a statement Swaggerty later made, although Swaggerty was not available to testify or be cross-examined. (*See generally* Dkt. No.

18-2 at 176–85.) Specifically, Johnson testified that Swaggerty asked Senior "why did you do that" and that Senior shook his head in response. (*Id.* at 128.) The trial court admitted the statement as an adoptive admission. (*Id.* at 181–82.)

Senior appealed his convictions to the Washington Court of Appeals, which affirmed his judgment and sentence. (*See* Dkt. No. 27 at 2.) Senior then petitioned for review by the Washington Supreme Court, which denied his petition. (*See id.* at 2–3.)

Senior next filed a personal restraint petition (PRP) in the Washington Court of Appeals. (*See id.* at 3.) He argued that: (1) newly discovered evidence proved he was innocent; (2) his trial counsel was ineffective for not excusing Juror 43, failing to request a limiting instruction as to Johnson's testimony, and failing to properly impeach Johnson; and (3) the prosecutor committed misconduct. (*See id.*) The Court of Appeals denied the petition. (*See id.*)

Senior then sought review by the Washington Supreme Court, where he presented only one issue—that newly discovered evidence proved he did not shoot the victim. (*See id.*) The Commissioner denied review. (*See id.*) Senior moved to modify the Commissioner's ruling, again pursuing only the newly discovered evidence claim. (*See id.*) The Supreme Court denied the motion to modify. (*See id.* at 4.) The Washington Court of Appeals issued a certificate of finality on July 10, 2015. (*See id.*)

Senior next sought federal habeas review in this Court, raising two grounds for relief: (1) ineffective assistance of counsel (IAC) during the jury selection phase of his trial, and (2) violation of the Confrontation Clause based on Johnson's testimony about Swaggerty's statement. (Dkt. No. 18-1 at 13, 21.)

Judge Tsuchida considered Senior's petition and recommended that it be denied. (Dkt. No. 27 at 2.) Judge Tsuchida reasoned that Senior failed to exhaust his IAC claim and that Swaggerty's statement was properly admitted as nontestimonial and as an adoptive admission. (*Id.* at 2, 17.)

Senior objects to the Report and Recommendation. (Dkt. No. 28.) He argues that the

1  Court should excuse his failure to exhaust his IAC claim under the exception set forth in

2  *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012). (Dkt. No. 28 at 4.) He further argues that

3  the circumstances surrounding Swaggerty's statement show that it was testimonial and that it

4  should not have been admitted as an adoptive admission. (*See id.* at 8.)

5  **II.    DISCUSSION**

6       **A.    Standards of Review**

7       A district judge reviews objections to a magistrate judge's report and recommendation *de*

8  *novo*. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended

9  disposition; receive further evidence; or return the matter to the magistrate judge with

10 instructions. *Id.*

11      Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal habeas court

12 may grant relief to a prisoner whose state court conviction "involved an unreasonable application

13 of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

14 28 U.S.C. § 2254(d)(1). A federal habeas court may overturn a state court's application of

15 federal law only if it is so erroneous that "there is no possibility fair minded jurists could

16 disagree that the state court's decision conflicts with this Court's precedents." *Harrington v.*

17 *Richter*, 562 U.S. 86, 101 (2011).

18      **B.    Ineffective Assistance of Counsel (IAC)**

19      Judge Tsuchida recommended that Senior's IAC claim be dismissed as unexhausted

20 because it was not raised on Senior's appeal of his PRP to the Washington Supreme Court and

21 thus his procedural default is not excused by the U.S. Supreme Court's decision in *Martinez*.

22 (Dkt. No. 27 at 6 – 11.) Senior objects that Judge Tsuchida misconstrued the holding in

23 *Martinez*. (Dkt. No. 28 at 5–8.)

24      The Court disagrees. *Martinez* established "a narrow exception" to procedural defaults,

25 holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may

26 establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."

132 S. Ct. at 1315. The Supreme Court explained that this exception does not "extend to attorney errors in any proceeding *beyond the first occasion* the State allows the prisoner to raise a claim of ineffective assistance at trial." *Id.* at 1320 (emphasis added). Thus, it does not apply to "initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.*

It is undisputed that Senior raised an IAC claim on the first available occasion, his PRP before the Washington Court of Appeals. (*See* Dkt. No. 27 at 3.) However, he did not raise his claim in his PRP before the Washington Supreme Court. (*See id.*) Because the *Martinez* exception does not extend beyond the "first occasion," the exception cannot be used to justify Senior's failure to exhaust his IAC claim.

This Court agrees with Senior that no defendant deserves to be punished for not having the resources to comprehend and follow procedural rules. (*See* Dkt. No. 28 at 6.) However, this Court is bound by the U.S. Supreme Court's instructions in applying *Martinez*. Senior does not point to cases that support his alternative interpretation of *Martinez*, nor does he demonstrate that the Court should reject the cases upon which Judge Tsuchida relied.

Accordingly, Senior's IAC claim is DISMISSED with prejudice.

## C.    Confrontation Clause

Judge Tsuchida recommended that Senior's Confrontation Clause claim likewise be dismissed, reasoning that Swaggerty's statement was not testimonial and that the trial court properly admitted it as an adoptive admission. (Dkt. No. 27 at 2, 17.) Senior objects to both conclusions. (*See* Dkt. No. 28 at 8.)

*Testimonial Statement*

When considering whether hearsay implicates the Confrontation Clause the dispositive question is whether the statement is "testimonial." *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). Testimonial statements are those "that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later

1    trial." *Id.* at 51–52. "[T]he relevant inquiry is not the subjective or actual purpose of the

2    individuals involved in a particular encounter, but rather the purpose that reasonable participants

3    would have had, as ascertained from the individuals' statements and actions and the

4    circumstances in which the encounter occurred." *Michigan v. Bryant*, 562 U.S. 344, 360 (2011).

5         Senior argues that the circumstances here clearly show Swaggerty made the statement in

6    hopes to develop evidence against Senior. (Dkt. No. 28 at 8–9.) As support, he cites several facts

7    that he argues "would lead an objective witness reasonably to believe that the statement would

8    be available for use at a later trial." (*Id.* at 9.) These facts include: 1) eyewitnesses to the

9    shooting gave descriptions closely resembling Swaggerty, and because he was an alternative

10   suspect, he likely knew he needed to cast blame on someone else; 2) Swaggerty had the chance

11   to ask Senior the question when they were driving away from the scene of the crime, but did not

12   do so then; 3) Swaggerty waited to make the statement until an uninvolved third party, Johnson,

13   was present; and 4) Swaggerty fled the jurisdiction and could not be located for the duration of

14   the trial. (Dkt. No. 28 at 9–10.)

15        While Senior paints a compelling picture, these facts are persuasive only if the Court

16   assumes Swaggerty was guilty—an assumption that the Court cannot make. Viewed objectively,

17   the scenario is simply two relatives, both private citizens, speaking informally in a private

18   residence. Senior does not point to any case law where a court found it reasonable to believe a

19   statement made in these circumstances would be used later at trial. Therefore, the Court finds

20   that statement is not testimonial and does not implicate the Confrontation Clause.[1]

21

22

23   _____

24        [1] Judge Tsuchida concluded that Swaggerty's statement was not testimonial because
     "[n]o reasonable person under these circumstances would have understood the primary purpose
25   of Mr. Swaggerty's question to be investigative in nature." (Dkt. No. 27 at 15–16.) However, the
     relevant question is whether the statement was made *in response* to an investigation or in an
26   investigative setting. *See, e.g.*, *United States v. Brooks*, 772 F.3d 1161, 1168-70 (9th Cir. 2014).
     Thus, this Court does not adopt Judge Tsuchida's precise reasoning in this regard.

ORDER ADOPTING REPORT &
RECOMMENDATION
PAGE - 5

*Adoptive Admission*

Senior also argues that Judge Tsuchida "failed to acknowledge" that the Confrontation Clause was implicated when the trial court allowed the jury to decide whether Senior shaking his head was an adoptive admission. (Dkt. No. 28 at 10–11.)

To admit a proffered admission by silence, the trial court must find that "sufficient foundational facts have been introduced for the jury reasonably to infer that the defendant did hear and understand the statement" and that "the evidence would sustain a finding by the jury that the defendant did accede to the accusatory statement." *United States v. Moore*, 522 F.2d 1068, 1076 (9th Cir. 1975). The trial court did so here, and its finding was not unreasonable. The evidence demonstrated that Swaggerty asked a question and that Senior responded with a head shake, a reaction that could plausibly be interpreted as acquiescence to Swaggerty's question. Although Senior alleges the exchange was too vague to constitute an adoptive admission, ultimately that was a question for the jury to decide.

Because Swaggerty's question was admitted as an adoptive admission, the question became Senior's own out-of-court statement. Such evidence is admissible as a statement of a party-opponent. Fed. R. Evid. 801(d)(2)(B). Thus, the Confrontation Clause was not implicated and Judge Tsuchida correctly concluded that the testimony was not hearsay.

 Accordingly, Senior's Confrontation Clause claim is DISMISSED with prejudice.

**D.      Evidentiary Hearing**

Senior further objects to Judge Tsuchida's finding that an evidentiary hearing is unnecessary. (Dkt. No. 28 at 11.) "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

Senior argues that the Court should hold an evidentiary hearing to consider testimony from Senior and Swaggerty—now available to testify—about the meaning of their conversation.

ORDER ADOPTING REPORT &
RECOMMENDATION
PAGE - 6

1   (Dkt. No. 28 at 11.) Such testimony would be relevant to the jury's factual determination of

2   whether Senior adopted Swaggerty's statement. However, the subjective meaning of that

3   conversation would not impact the Court's legal analysis or its conclusions on the claims

4   presently before it.

5          Therefore, the Court DENIES Senior's request for an evidentiary hearing.

6          **E.      Certificate of Appealability**

7          The Court may issue a certificate of appealability only when a petitioner has made a

8   "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). "A

9   petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the

10  district court's resolution of his constitutional claims or that jurists could conclude the issues

11  presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

12  U.S. 322, 327 (2003).

13         Senior contends that he met this standard because his arguments "are well founded in

14  Supreme Court precedent." (Dkt. No. 28 at 17.) Admittedly, Senior's briefing was persuasive in

15  tone; however, in applying the appropriate case law to Senior's objections, the Court found his

16  arguments lacked merit. Thus, "jurists of reason" could not disagree with this Court's

17  conclusions. A certificate of appealability is DENIED.

18  **III.    CONCLUSION**

19         For the foregoing reasons, the Court OVERRULES Senior's objections (Dkt. No. 28) and

20  ADOPTS Judge Tsuchida's Report and Recommendation (Dkt. No. 27). Senior's habeas petition

21  is DENIED with prejudice.

22         //

23         //

24         //

25         //

26         //

ORDER ADOPTING REPORT &
RECOMMENDATION
PAGE - 7

1    DATED this 19th day of September 2016.

2

3

4

5

6

7                                               John C. Coughenour
8                                               UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ADOPTING REPORT &
RECOMMENDATION
PAGE - 8